UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SUSAN PICOU BRUNET                              CIVIL ACTION

v.                                              NO. 12-1042

ELIZABETH PICOU BUTLER                          SECTION "F"


ORDER AND REASONS

Before the Court is the plaintiff's motion to remand. For the reasons that follow, the motion is GRANTED.

Background

This lawsuit arises out of an unfortunate family feud between sisters over their mother's jewelry.

Susan Picou Brunet and Elizabeth Picou Butler are sisters, the only children born to their parents, George A. Picou, Jr. and Shirley Dubose Picou. Brunet and Butler's father died on March 15, 2008, and their mother died a few years later on April 22, 2011. Brunet sued her sister in state court on November 14, 2011, seeking the return of a diamond ring and diamond necklace that she says belongs to her mother's estate. According to the allegations of Brunet's state court petition, while their parents were still living, their mother had inherited from their maternal grandfather "a certain diamond ring of substantial value not yet determined." Their mother gave the ring to their father; after his death, the judgment of possession in his succession gave the naked ownership

1

of the ring to the sisters and gave the usufruct interest to their mother. But Brunet and Butler's mother allegedly gave the ring to Butler. Their mother also loaned to Butler a diamond necklace "of substantial value not yet determined."

When their mother died testate on April 22, 2011, the Succession of Shirley Dubose Picou was opened in state court in Terrebonne Parish and remains pending. The sisters, who are the sole heirs and legatees of their mother's succession, were appointed as co-executrixes of the estate. According to the allegations of Brunet's state court petition, the sisters own in equal shares the ring and necklace. Brunet has requested that her sister return the ring and the necklace to the estate but Butler "has failed to return either the ring or the necklace." Accordingly, Brunet requests that the Court order Butler to return both the diamond ring and the diamond necklace to their mother's estate so that they may be partitioned or, alternatively, if Butler no longer has either the ring or the necklace, Brunet requests that her sister be held liable for the value of whatever jewelry is not returned.

Butler removed the suit to this Court on April 24, 2012, invoking this Court's diversity jurisdiction. Brunet now seeks to remand her lawsuit back to state court on the ground that removal was untimely.

I.

*A.*

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the case, that is, if the plaintiff could have brought the action in federal court from the outset. See 28 U.S.C. § 1441(a). Although the plaintiff challenges removal in this case, the removing defendant has the burden of showing the propriety of this Court's removal jurisdiction. See Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir. 1993); Willy v. Coastal Corp., 855 F.2d 1160, 1164 (5th Cir. 1988). In addition, any ambiguities are construed against removal, Butler v. Polk, 592 F.2d 1293, 1296 (5th Cir. 1979), as the removal statute should be strictly construed in favor of remand. York v. Horizon Fed. Sav. and Loan Ass'n, 712 F. Supp. 85, 87 (E.D. La. 1989); see also Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941).

*B.*

To exercise diversity jurisdiction, complete diversity must exist between the plaintiff and the defendant, and the amount in controversy must exceed $75,000. See 28 U.S.C. § 1332. It is undisputed that the parties are completely diverse: Brunet lives in Louisiana and her sister lives in Texas. It is likewise undisputed that the amount in controversy exceeds $75,000. The only dispute here is whether the defendant timely removed the lawsuit.

*C.*

The issue presented to the Court is whether the defendant timely removed this lawsuit; in particular the Court must determine what "other paper" first gave the defendant notice that the amount in controversy exceeded $75,000, and whether the defendant removed within 30 days after receiving that paper. Butler argues that the April 2, 2012 hearing (and resulting transcript) was the "other paper" and that its removal is therefore timely. Brunet counters that Butler's receipt of her letter transmitting her motion to be filed in the succession proceeding, shortly after it was sent on March 13 was an "other paper" that should have triggered removal, and that Butler's removal was untimely.

1.

The defendant must file a notice of removal within 30 days of receiving, by service or otherwise, a copy of the initial pleading or, if the initial pleading is not removable, within 30 days of receiving a copy of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. 1446(b)(2011). Here, it is undisputed that the case was not initially removable. Louisiana law forbids a plaintiff from including a specific amount of damages in her prayer for relief. LA. CODE CIV. PROC. art. 893. When the plaintiff has alleged an indeterminate amount of damages, as is the case here, the 30 day removal clock begins to run when

4

the defendant receives an amended pleading, motion, order or other paper that makes it "unequivocally clear and certain" that the case is removable. See Bosky v. Kroger Texas, LP, 288 F.3d 208, (5th Cir. 2002).[1]

In addition to papers actually filed in state court proceedings and discovery materials such as deposition testimony, the Fifth Circuit has held that post-complaint correspondence between attorneys may constitute an "other paper" that initiates a new 30 day period of removability. Addo v. Globe Life and Accident Ins. Co., 230 F.3d 759, 761-62 (5th Cir. 2000); see also S.W.S. Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 494 (5th Cir. 1996). As the Fifth Circuit has observed:

> Holding that a post-complaint letter, which is not plainly a sham, may be "other paper" under § 1446(b) is consistent with the purpose of the removal statute to encourage prompt resort to federal court when a defendant learns that the plaintiff's demand exceeds the federal jurisdictional limit. Further, this holding discourages disingenous pleading by plaintiffs in state court to avoid removal.

Addo, 230 at 762. Thus, even a paper not actually filed in a state court proceeding may constitute an "other paper." Id. at 761 (noting that S.W.S. Erectors "rejected the most commonly advanced argument against treating a letter between counsel as an 'other

---

[1] If removal is based on an "other paper", the other paper requires a voluntary act by the plaintiff and, in addition, the defendant's subjective knowledge does not trigger the thirty day removal period. S.W.S. Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 494 (5th Cir. 1997).

5

paper,' namely, that a document must actually be filed in the state court proceedings...").  Indeed "[t]he federal courts have given the reference to 'other paper' an expansive construction."  14C Wright & Miller, Federal Practice and Procedure, § 3731, at 524 (4th ed. 2009).  We are, after all, courts of limited jurisdiction.

2.

Even though Brunet filed her state court petition against her sister in November 2011, Butler contends that she nonetheless timely removed the suit because she did not become aware that her sister was claiming that the jewelry's value exceeded $75,000 until a hearing on Butler's exception of no right of action in state court on April 2, 2012, when counsel for Brunet stated that the ring alone was worth between $400,000 and $500,000.  If indeed the April 2nd hearing was the first time the defendant was advised that the jewelry's value exceeded the jurisdictional amount in controversy, then it is undisputed that this matter was timely removed.  However, the plaintiff contends that, in fact, the defendant should have removed within 30 days of her receipt of correspondence dated March 13, 2012 transmitting Brunet's motion to remove her sister as co-executrix, in which Brunet reveals the necklace's value at "approximately $150,000."

Invoking the so-called "paper in the case" rule, the defendant insists that the March 13 correspondence and motion did not trigger the 30-day removal window because that paper was filed in a

separate lawsuit.  The defendant contends that the paper in the case rule -- which generally excludes as "other paper" documents not generated within the state court litigation that was removed -- is widely accepted, including in the Fifth Circuit.  Although the defendant fails to invoke Fifth Circuit authority expressly approving the paper in the case rule, it seems that the principle has been generally accepted.  However, the defendant fails to acknowledge other well-settled precedent (noted <u>supra</u>) that the Fifth Circuit does not insist on a "filing" requirement to constitute "other paper."  Furthermore, the defendant fails to mention or distinguish yet another thread in § 1446 jurisprudence: the Fifth Circuit has determined that an order in an unrelated case may constitute an "order or other paper" for the purposes of § 1446(b) removal in "very limited circumstances", a "case involving the same defendants, and a similar factual situation and legal issue."  <u>Green v. R.J. Reynolds Tobacco Co.</u>, 274 F.3d 263, 268 (5th Cir. 2001).  The scope of what is clearly "a very limited" exception to the paper in the case doctrine is rarely tested, but this case presents a compelling contender.

The March 13 correspondence transmitting Brunet's motion to be filed in her mother's succession, which suggests a value for the diamond necklace at $150,000, presents the hallmarks of an "other paper":  The correspondence was transmitted by Brunet's lawyer to Butler's lawyer after the state court petition giving rise to this

7

lawsuit was filed; the letter is the result of a voluntary act of the plaintiff, whose counsel drafted and transmitted the letter and motion; there is no suggestion that either the letter or motion were plainly a sham; and the paper was sent directly to defendant's counsel, putting the defendant on notice that the plaintiff's demand for the necklace alone exceeds the jurisdictional amount in controversy, the circumstance that supports federal diversity jurisdiction. The defendant would have the Court disregard these factors based solely on her technical insistence that the March 13 paper was transmitted and filed within the context of the sisters' mother's succession proceeding. But the defendant does not disagree that the present litigation arises out of issues raised in her mother's succession and that she (Butler, the same defendant represented by the same counsel) could have and should have ascertained from the March 13 correspondence's estimation in the succession that the necklace, the same necklace at issue in the removed state court action, was claimed to be worth $150,000.

As the removing party, the burden remains with the defendant to demonstrate that removal was proper and timely. The defendant has failed to satisfy her burden.[2] Given the plain language of the

---

[2] The defendant also argues that the plaintiff cannot recover the necklace as a matter of law and, accordingly, the necklace's value is irrelevant to the amount in controversy and any "other paper" suggesting its value should therefore be disregarded. This argument lacks merit. At this stage, the Court is simply tasked with determining whether it has the power to hear the case; a merits-inquiry is therefore inappropriate. The Court also notes

8

removal statute and relevant case literature, the unique and substantial factual overlap, the same parties (and the same counsel representing those parties), and the dispute over identical property, the Court finds that the March 13 correspondence constitutes an "other paper" that made it ascertainable to Butler that the jewelry's value exceeded the minimum jurisdictional amount in controversy.  This triggered the 30-day period for Butler to remove her sister's lawsuit to recover the jewelry.[3]  Because Butler did not remove this lawsuit until more than 30 days after she received this "other paper," removal was untimely.  Accordingly, the plaintiff's motion to remand is GRANTED.  The case is hereby remanded to the 32nd Judicial District Court for Terrebonne Parish.

New Orleans, Louisiana, June 19, 2012

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

that the state trial court recently denied Butler's exception of no right of action as to the ring and the necklace, rejecting similar if not identical arguments raised by Butler.

[3] The plaintiff contends that the defendant must have received the March 13, 2012 correspondence no later than March 19; the defendant does not challenge this.  There is no dispute that the defendant filed her notice of removal more than 30 days later, on April 24, 2012.